THE WALTER M. FLEMING.

(*District Court, E. D. New York.* September 28, 1881.)

1. EQUITY—DELAY.

Delay defeats equity. So *held*, where one slept on his rights for seven years, and then invoked the aid of the court against a purchaser for value who had been in possession of the property for nearly that length of time with the knowledge of the libellant, and without objection on his part.

*L. R. Stegman* and *E. G. Davis*, for libellant.

*Benedict, Taft & Benedict*, for respondent.

BENEDICT, D. J. The libel in this case, by reason of its curious and uncertain averments, presents questions that I pass over to determine the question raised by the evidence; namely, whether, upon the facts proved, a case is made calling for the interposition of this court to take the possession of the canal-boat Walter M. Fleming from Cornelius Vanolinda, who now has the same, and give it to the libellant.

The facts are largely in dispute, according to the libellant's testimony. He being the owner and in possession of this boat in July, 1874, at Rochester, New York, made an agreement with one Charles Vanolinda to sell the boat for a certain sum—$150 down, and the balance within 30 days. The $150 was then paid by the buyer, and

the boat was delivered to him, since which the libellant has seen nothing of the boat or the buyer until the commencement of this suit, and has received no part of the purchase money except the $150. What the full consideration was agreed to be libellant does not recollect, but he thinks it was over $500, and he thinks that no bill of sale of the boat was ever given by him.

Nothing of all this appears in the libel, which contains no allusion to either Charles or Cornelius M. Vanolinda, and makes one Wright the party defendant, with whom it is evident the libellant has no controversy. But assuming the libellant's recollection to be accurate, which evidently it is not in all respects, and assuming that the state of facts sought to be made by the libellant's testimony is admissible under his libel, his action cannot be maintained; for, according to the libellant's testimony, at the expiration of 30 days from his delivery of the boat to Charles Vanolinda, in July, 1874, he had the right to resume possession of the boat, and from that time to this he has made no attempt to exercise this right. The fact conceded in this case, that no bill of sale of the boat was given at the time of the delivery of the boat to Charles Vanolinda, is deprived of much of its ordinary significance as bearing upon the question whether the title was intended to be transferred by the circumstance that the libellant has no bill of sale. The only bill of sale proved is from William D. Callister to the libellant and one Mr. William H. Crennel. The libellant, doubtless, became possessed of Crennel's interest in the boat, but he has no bill of sale from Crennel. Assuming, however, that the omission to deliver a bill of sale to Charles Vanolinda, under these circumstances, be sufficient to compel the conclusion that there was no intention to part with the title to this boat at the time of the bargain with Charles Vanolinda, still it must in equity be held that any right to reclaim possession of the boat, upon failure of the buyer to perform his agreement, has been waived by this long and unexcused delay of some seven years. And this, certainly, when, as the claimant has proved, the boat was during this long period running upon the Erie canal, and both Charles Vanolinda and the present possessor, Cornelius Vanolinda, had been seen by the libellant on more than one occasion without any demand of the possession ever being made, and when no obstacle existed to prevent the libellant from resuming the possession at any time. It was the libellant's duty, if he intended to reclaim possession of the boat, to do so within a reasonable time after the default; and he cannot be permitted to wait seven years, and then without demand apply to have the court put him in

possession as against one who, according to testimony that has not been disputed, bought the boat in 1875, paying full value therefor, and since then has been in peaceful possession of the boat, with the knowledge of the libellant and without objection on his part.

The libel is dismissed, with costs.